## Constantine McGuire *versus* William T. Sayward.

What the record itself does declare, is to be made known to the Court by a duly authenticated copy of it; and the law does not permit a recording or certifying officer to make his own statement of what he pleases to say appears by the record. A mere certificate, therefore, that a certain fact appears of record, is not evidence of the existence of the fact.

Error to reverse the judgment of a justice of the peace for the County of Waldo, rendered in favor of Sayward against McGuire. The action was debt, brought by Sayward, an inhabitant of Thomaston in the County of Lincoln, as adjutant of the fourth regiment, " detailed and commissioned according to law, to take the command of and train and discipline the B company of infantry in said regiment, said company being a company of infantry belonging to the town of Camden in the County of Waldo, and then being, and for three months' previous thereto, and ever since having been, without any commissioned officer thereto," against McGuire, an inhabitant of Camden, for the penalty for unnecessarily neglecting to perform militia duty in that company.

Two of the ten causes of error assigned were these.

3. Because the limits of the B company of infantry, men-

tioned in the plaintiff's declaration, was not shown by legal evidence.

4. Because the justice received in evidence two papers signed by the adjutant general, as evidence of the facts therein stated, when the record, or a copy of it, was the only legal evidence.

To prove that the company of militia in Camden, the limits of which had been designated by the selectmen as the first or oldest company in that town, and within which McGuire lived, was the B. company, Sayward introduced a paper of which a copy follows.

"State of Maine.

"Adjutant General's Office, Augusta, Sept. 28, 1841.

"I hereby certify, that the company of local infantry in the town of Camden, designated by the selectmen of Camden in their return of the limits of companies in said town, and received at this office, May 17, 1836, as "the first or oldest company," is designated in the records of this office as the B company of Infantry in the fourth regiment, second brigade, and fourth division, conformable to an order of counsel approved by the Governor and commander in chief, Jan. 23d, 1835. And I also certify, that said B company has been without any commissioned officers since June 27, 1837, at which said time Shutellah M. Rice was honorably discharged from the office of ensign of said B company.

"Isaac Hodsdon, Adjutant General."

The original plaintiff also introduced a copy of the doings of the selectmen of Camden, defining the limits of the first or oldest company in that town, and a copy of an order in Council approved by the Governor, Jan. 23, 1835, in relation to numbering the companies anew, and authorizing the Adjutant General "to employ a suitable person to place such lines and numbers on a map of the State, to be executed under his direction." This copy of the order in Council was certified by the Adjutant General as a true copy of the order in his office certified by the Secretary of State.

There was no evidence to prove, that the first company of

infantry in Camden was the B company in the fourth regiment, but the certificate of the Adjutant General.

The other causes of error are not noticed in the opinion of the Court, and the evidence and arguments bearing upon them are omitted.

*W. H. Codman* and *M. C. Blake*, for McGuire, after remarking that the judgment must be reversed, if the certificate of the Adjutant General was improperly admitted, as without it there was no evidence that the first company in Camden was the B company mentioned in the declaration, and none that McGuire belonged to the B company, contended that the law was well settled, that the mere certificate of a certifying officer of what facts were contained in a record, instead of giving a copy of the record, was inadmissible. It would be making such officer the judge of what the record was, and taking from the party the right to have that question determined by the Court. *Owen* v. *Boyle*, 3 Shepl. 147; *Oakes* v. *Hill*, 14 Pick. 442; Greenl. on Ev. § 498.

*W. G. Crosby*, for Sayward, contended that the fact, that the first company in Camden was named the B company, was properly proved by a certificate. The certificate of the clerk of the Court that an action is pending has always been received as evidence of the fact. The order of the Governor and Council authorized the Adjutant General to give new names to the companies, and put their names down upon a map. There was no record but the map, and the certificate of the new name is sufficient evidence of this fact, and indeed the only evidence, unless a new map is to be made for every company.

The opinion of the Court was drawn up by

SHEPLEY J. — The disinclination of the members of this company of militia to avail themselves of the privileges secured to them, and to take upon themselves the duties assigned them by law, has been already exhibited to the Court in the case of *Martin* v. *Fales*, 6 Shepl. 23.

Obedience to the laws is among the first duties of a good

citizen, and especially in a free government. It is only by this, as a general rule, that such a government can be preserved. And one, who refuses such obedience, is instrumental in subverting that government of laws, from which he derives his privileges, and which secures the fruits of his industry. A settled course of disobedience is unworthy of every good citizen; and it can only be supposed to arise out of the want of a correct knowledge of his privileges, rights and duties. When such instances occur, it is matter of regret, that the officers specially intrusted to superintend the execution of the laws should, by their inattention, or want of correct information in the supply of the necessary documents, enable such attempts to prove successful. It remains for the Court however to apply the law to the case, as it is presented.

The only testimony to prove, that the plaintiff in error was a member of the B company of infantry, which the defendant in error was detailed to train and discipline, was a certificate of the then Adjutant General, stating as a fact, " that the company of local infantry in the town of Camden, designated by the Selectmen of Camden in their return of the limits of companies in said town, and received at this office, May 17, 1836, as the first or oldest company, is designated *in the records of this office* as the B company of infantry." The legal proof of that fact was a copy of the record duly authenticated. The law does not permit a recording or certifying officer to make his own statement, of what he pleases to say appears by the record. What the record itself does declare is to be made known to the Court by a duly authenticated copy of it; and upon it, and not upon what the officer may say, that it declares, does the law authorize a Court of justice to rely. The certificate in this case states the existence of a record; and yet instead of a duly authenticated copy, there is only a statement of what the officer says will appear by an inspection of it. The law requires, that the Court, before which it is produced, should inspect and decide, what it contains and proves, and not entrust that duty to a certifying officer. Such testimony

VOL. IX.        30

was illegally admitted, and for this cause the judgment must be reversed.