Hon. JOHN S. TENNEY, LL. D. ⎱ ASSOCIATE
Hon. SAMUEL WELLS, ⎰ JUSTICES.
Hon. JOSEPH HOWARD.

---

INHABT'S OF NEW VINEYARD *versus* INHABT'S OF HARPSWELL.

Under the statute for the relief of paupers, an insane person may gain a settlement in any town, in his own right, though carried to such town while insane, and without the concurrence of a guardian.

No admissions of the overseers of the poor of a town can change the legal settlement of a pauper.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT, for the support of Mercy Allen, a pauper. She was born in Harpswell and resided there about fifty-four years, till 1833. In 1827, she became, and has since continued to be, insane. She had no guardian. In 1833, her brother took her with him to New Vineyard. He maintained her there at

his expense till 1843. Relief from the town being then needed, the overseers of the poor of Harpswell, on being notified by the overseers of New Vineyard, contracted with the brother for her subsequent support. He supported her under that contract till 1849, for which he was paid by Harpswell.

In 1849, the plaintiff town furnished needful supplies to a large amount. Harpswell, on being duly notified, denied that the pauper's settlement was in that town.

The case was submitted to the Court.

*J. L. Cutler*, for the plaintiffs.

1. A person insane cannot, without the assent of his guardian, change his settlement. A change of one's settlement requires and pre-supposes the voluntary choice of a mind, capable of intelligent action : — 3 Greenl. 388 ; 13 Mass. 547 ; 15 Mass. 237 ; 3 Pick. 173 and cases there cited.

2. Defendants acquiesced in the notice given them in 1843, that the pauper's residence was in their town, and extended for several years the needed relief. By this proceeding they are now estopped to deny the settlement.

3. More than five years elapsed, while defendants were supporting the pauper, prior to the plaintiffs' furnishing the supplies for which this suit is brought.

*H. & H. Belcher*, for the defendants.

1. Insanity does not preclude a person from gaining a settlement in his own right. 24 Maine, 112 ; 3 Greenl. 220 ; 5 Greenl. 123.

2. The admissions of overseers of the poor cannot change a settlement. 1 Fairf. 185.

HOWARD, J. — The pauper was born in Harpswell, about 1779, and "remained and had her home, residing" there until 1827, when she became insane, and has continued in that state. It is stated that she "remained in said defendant town till, in January, 1833, she was brought by her brother, John Allen, to the town of New Vineyard, where she has since remained, and resided in her brother's family." She first became a pauper in November, 1843.

It has been held that *idiots*, and persons *insane* and *non compos*, may gain legal settlements in their own right, under the provisions of the statutes of this State, for the settlement and support of paupers. Stat. 1821, c. 122, § 2; R. S. c. 32, § 1, and c. 1, § 3, rule 8. *Lubec* v. *Eastport*, 3 Maine, 220; *Sidney* v. *Winthrop*, 5 Maine, 123; *Augusta* v. *Turner*, 24 Maine, 112.

It would seem that the pauper, Mercy Allen, gained a settlement in the town of New Vineyard, by a residence there, in the family of her brother, in the manner stated, for more than the term of *five years* together, without receiving, during that term, supplies or support as a pauper, directly or indirectly, from any town, in accordance with the provisions of the statutes, and the decisions cited.

But it is contended that the defendants are estopped to deny her settlement to be in Harpswell, by reason of supplies having been furnished for the support of the pauper, from 1843 to 1849, by her brother, under a contract in writing with their overseers.

It is not within the official authority or duty of overseers of the poor, to create or change the settlement of paupers, and neither their acts, nor their admissions to that extent, can bind or estop towns. Nor will a town be estopped to contest the settlement, by the mere fact that it has furnished supplies and support for the pauper. *Peru* v. *Turner*, 10 Maine, 185; *Harpswell* v. *Phipsburg*, 29 Maine, 313.

*Plaintiff's nonsuit.*