INHABITANTS OF BRIGHTON *vs.* INHABITANTS OF ST. ALBANS.

Somerset. Opinion March 17, 1885.

*Evidence. Paupers.*

A casual remark, or expression of opinion of an overseer of the poor, not connected directly with some official act, is not admissible evidence against his town, upon the question of a pauper settlement.

ON EXCEPTIONS.

Assumpsit for supplies furnished one Joseph Cooley as a pauper. The only question was the settlement of the pauper.

At the trial Levi E. Judkins, a witness for the plaintiffs, testified that he was one of the overseers of the poor of Cornville in 1869, and he met John L. Field, one of the overseers of St. Albans, at a county convention held at Skowhegan, in the summer of 1869, and complained to him of Lothrop's (chairman of the overseers of St. Albans) treatment of him in the matter of the supplies to Cooley, and complained that Lothrop refused to give him any receipt for such supplies; that Field replied " it was all right, that they were in hopes to get rid of Cooley sometime." To the admission of this testimony as well as to other rulings which it is not necessary to state, the defendants alleged exceptions.

*Walton and Walton*, for the plaintiffs, cited : *Weld* v. *Farmington*, 68 Maine, 301 ; *Norridgewock* v. *Madison*, 70 Maine, 174.

*D. D. Stewart*, for the defendants, cited : *Corinna* v. *Exeter*, 13 Maine, 321 ; *Fairfield* v. *Oldtown*, 73 Maine, 573 ; *New Bedford* v. *Taunton*, 9 Allen, 207.

EMERY, J.   The act of Sullivan Lothrop, one of the overseers of the poor of St. Albans, in paying, or allowing to Cornville a bill for supplies furnished the pauper, assuming him to have been acting for the board, was properly admitted as evidence tending to show the pauper's settlement in St. Albans, though it was by no means conclusive.   *Weld* v. *Farmington*, 68 Maine, 301 ; *Fairfield* v. *Oldtown*, 73 Maine, 573.   But the casual remark of John L. Field, another overseer of the poor of St. Albans, unconnected with any act, is not within the principle of those cases.   It is the acts, and not the words of the overseers, that are evidence.   Their words are only admissible evidence, when accompanying their acts, and as part of their acts.   *Corinna* v. *Exeter*, 13 Maine, 321.   The letter which was admitted in *Fairfield* v. *Oldtown*, *supra*, was written in the course of official correspondence.   Its statements were *res gestae* made while transacting official business and as part of the business.   It was in the nature of a document.

In the case before us there was no talk with Field about official business. The meeting with him was casual in a distant town. Judkins did not accost him to talk about the business. He only complained of Lothrop's treatment of him, and of the refusal to give him a receipt. He did not ask anything of Field. Field did not assume to do anything. The business had been done. He only answered Judkin's remark about his treatment. He said "it (the treatment, the not giving the receipt), was all right, that they were in hopes of getting rid of Cooley sometime." This was the merest casual remark, unofficial, and unconnected with any act. It was simple opinion, and hearsay at that. No authority has been cited for its admissibility, and we think its admission was an error, harmful to the defendant town of St. Albans.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.