INHABITANTS OF RUMFORD *vs.* INHABITANTS OF UPTON.

Oxford.     Opinion August 28, 1915.

*Assessments.     Derivative Settlement.     Intention.     List of Voters.
Public Records.     Tax.*

Action to recover from defendant expense of pauper supplies furnished by plaintiff to one Annie Campbell, who, at the time the supplies were furnished, was the wife of one whose pauper settlement was then, as plaintiff claimed, in defendant town.

The intention with which one performs an act may be testified to by such party.

The selectmen of towns when performing the duties of a registration board are public officers.   When so employed, they are in no sense agents of the municipality.

Lists of voters made up by the municipal officers, acting as a registration board, are not admissible to show the residence of a pauper, in the absence of proof that the pauper voted at the election in anticipation of which they were made.

The treasurer of a town is a public officer and his records are public records. He is not, however, the town's financial agent.

The records or accounts of a town treasurer are required to be kept by law and are evidence of the facts contained therein which it is made his duty by law to enter.

Where a public record is in existence, entries therein may be proved by the production of the record, or by a certified copy, or by examined copy, and not otherwise.

On motion and exceptions by the plaintiff.     Exceptions sustained. New trial granted.

This is an action of assumpsit by the Inhabitants of Rumford to recover of the Inhabitants of Upton for pauper supplies furnished by the plaintiffs to one Annie Campbell, who was the wife of one George R. Campbell. Plea, the general issue. The jury returned a verdict for the defendant. The plaintiff filed a motion for new trial and also filed exceptions to the exclusion and admission of evidence, which exceptions are fully considered in the opinion. ·

The case is stated in the opinion.

*James B. Stevenson, and Aretas E. Stearns,* for plaintiff.

*James S. Wright, and Alton C. Wheeler,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is an action brought to recover from defendant the expenses of pauper supplies furnished by plaintiff to one Annie Campbell who, at the time the supplies were furnished in January, 1913, was the wife of one George R. Campbell whose pauper settlement was then, as plaintiff claimed, in defendant town. At the trial the admissions of the parties were such that there was but a single issue presented to the jury. "Did the pauper have a pauper settlement in defendant town?" The verdict of the jury was in favor of defendant and the case is before this court upon motion of plaintiff for new trial and upon exceptions of plaintiff to the exclusion of evidence offered by it and to the admission of evidence offered by defendant.

It appears from the evidence that George R. Campbell, upon attaining his majority, had no derivative settlement in defendant town, although he had resided there during the larger part of his minority. After attaining his majority, July 9, 1892, he continued to live in defendant town until September, 1910, but with periods of absence occurring subsequently to the last of March or first of April, 1897. It is as to the character of these periods of absence from defendant town that the contention of the parties arises; the defendant town claiming that George R. Campbell left it with intent to abandon his home and to acquire a residence elsewhere.

It will be necessary to consider the exceptions only.

The pauper's husband, George R. Campbell, being called as a witness for plaintiff, was inquired of by plaintiff's attorney as follows:

"What was your intention from the time you became twenty-one years of age, in regard to maintaining a home in any place?"

Also, the witness having stated that he had paid a school tax to the state, while living in Andover surplus, "What was your intention in regard to your home during all this time?" And again "Whether or not at that time you intended to make your home in Andover Surplus?" All these questions were excluded. Despite the indefiniteness of the first of the questions, the exceptions to their exclusion must be sustained. The intention with which one performs an act may be testified to by such party. 1 Gr. Ev., Sec. 51a. note a.; *Edwards* v. *Currier*, 43 Maine, 474, 483, 484; *Wheelden* v. *Wilson*, 44 Maine, 11, 19; See *Knox* v. *Montville*, 98 Maine, 493, 495, where the distinction between direct testimony of the pauper himself and declarations of the pauper is indicated: also see *Holyoke* v. *Holyoke*, 110 Maine, 469, 479, which cites *Knox* v. *Montville*, supra, with approval. The exception is sustained.

The plaintiff produced and offered in evidence copies of the list of voters prepared by the selectmen of the town of Upton, and by them returned into the office of the clerk of that town, for sundry years, between the year 1897 and the year 1909 and offered to prove by the several clerks of the town, who made the copies that they were true copies of the original lists, "and that the name of George R. Campbell appeared in each of said lists for each of said years." Plaintiff admitted its inability to prove that George R. Campbell ever voted in Upton. The court assuming the lists to be proved true copies, excluded them subject to exceptions.

The court has held that, in actions for pauper supplies, the assessors' records of assessments of taxes showing the assessment or non-assessment of the pauper, without showing payment of the tax assessed, when an assessment has been made, are not admissible as showing the residence of the pauper. *Rockland* v. *Union*, 100 Maine, 67, 68; see also *Monroe* v. *Hampden*, 95 Maine, 111, 113. The assessors of taxes are public officers and no element of principal and agent exists in their relations to the municipality. "It is not liable to an action for their omissions or mistakes, unless made so by statute. No statute imposes a liability upon the municipality for an omission to assess a particular person or property. . . . . The acts of the assessors, as shown by their records, were inadmissible upon the question at issue. . . . . They were not admissions of the City of Rockland,

nor of its agents, and were not entitled to any weight as evidence for or against either party. . . . . The assessors' acts reflected their opinion, founded perhaps upon erroneous information, or resulting from inadvertence or neglect of duty." *Rockland* v. *Farnsworth,* 93 Maine, 178, 183-4. In *Rockland* v. *Union,* 100 Maine, 67, 68, after quoting from the case last cited, it is said, "Standing alone neither the act or omission of the assessors in the assessment or non-assessment of a tax on an individual can be evidence for or against a town on the question of the residence of such individual. The doings of its assessors in the assessment of taxes are not the acts or admissions of the town for they are not its agents. The assessment of a tax is no admission on the part of the pauper, unless coupled with its payment or his recognition of it in some manner as an existing liability. At the most the assessment of a tax but represents the opinion of the assessors upon the question of residence or non residence of the pauper at the time, and cannot be evidence of the fact itself before another tribunal whose duty it is to determine that question, not by the opinion of others, but as they themselves find the fact."

The selectmen of towns when performing the duties of a registration board, R. S., Chap. 5, Secs. 34-46, like assessors of taxes, are public officers. Their duties are imposed and clearly defined by statute. In the performance of their duties they are not subject to the control of the municipality and it has neither power to correct their errors nor liability therefor. They are in no sense the agents of the municipality. Standing alone, that is without proof that George R. Campbell voted, the lists of voters offered in evidence were rightly excluded. The registration of a voter alone like the mere assessment of a tax is not binding upon, nor evidence against, a municipality as to the residence of the voter. The vote of a person thus registered, however, shows, or has a tendency to show, the intention of such party when his residence is the subject of inquiry. See *Belmont* v. *Vinalhaven,* 82 Maine, 524, 531; *Monroe* v. *Hampden,* supra, and cases cited. The exception is overruled.

It further appears from the bill of exceptions that "The defendant called as a witness the former wife of George R. Campbell, and for the purpose of showing that George R. Campbell had abandoned his home in Upton, the defendant's attorney asked the following question:

"Q. What did he say to you about remaining in Dallas and living there with you if you were married?

"For the same purpose the defendant's attorney asked the same witness the following question:

"Q. Did you hear any conversation between Mr. Campbell and your father about his staying and living there with you and working for him?"

Both questions were admitted subject to the objections and exceptions of plaintiff.

If offered specifically for the purpose alleged to have been expressed by defendant's attorney in the bill of exceptions, we should regard both questions as inadmissible. See *Bangor* v. *Brunswick*, 27 Maine, 351; *Corinth* v. *Lincoln*, 34 Maine, 310, 312; *Deer Isle* v. *Winterport*, 87 Maine, 37, 43; *Knox* v. *Montville*, supra. The declarations do not appear to have accompanied any act material to the issue. Reference however, to the evidence, which is made part of the bill of exceptions, indicates clearly that the offer of evidence was not accompanied by any avowal of its purpose. The plaintiff objected but disclosed no grounds of objection. If admissible for any purpose, the admission was not error. It certainly tended to contradict the testimony of one of plaintiff's witnesses. *Hovey* v. *Hobson*, 55 Maine, 256; *McLaughlin* v. *Joy*, supra; see also *Dennen* v. *Haskell*, 45 Maine, 430; *Lausier* v. *Hooper*, 112 Maine, 333, 335. The exception is not sustained.

The plaintiff called its treasurer who produced his record, or account, of receipts, and was asked the following questions:

"Q. I will ask you if your record shows the receipt of any money by you from the town of Upton under date February 18th, 1912?

"Q. During that year did you receive any check from the treasurer of the town of Upton on account of Annie Campbell?

"Q. Does your account as treasurer of the town of Rumford show the receipt of any payment by you from the town of Upton on account of pauper supplies furnished Annie Campbell?

Each of these questions was objected to by counsel for defendant, without stating the grounds of objection, and were excluded subject to exceptions.

It is the opinion of the court that the first and third questions should have been admitted. The treasurer of a town is a public officer and his records are public records; R. S., Chap. 4, Sec. 22;

*Monticello* v. *Lowell,* 70 Maine, 437. He is not the town's financial agent; *Lovejoy* v. *Foxcroft,* 91 Maine, 367, 372; *Baldwin* v. *Prentiss,* 105 Maine, 469, 470. His records or accounts are required to be kept by law and are sufficient evidence of the facts contained therein which it is made his duty by law to enter: *Thorn* v. *Case,* 21 Maine, 393, 398; 1 Gr. Ev., Secs. 483, 493. The questions were properly preliminary to the introduction of the entries. The second question apparently calls for the personal knowledge of the witness of the payment and should have been admitted, subject to explanation or inquiry as to the source of knowledge: see *Keene* v. *Meade,* 3 Pet. 1, 7. The exceptions are sustained.

Upon cross-examination of one Judkins, called by defendant, he was asked:

"In this matter relating to the liability of the town of Upton for pauper supplies furnished the wife of Robert Campbell, whether or not you have been employed as an agent to investigate this matter?" The question was excluded. It appears to be a question preliminary in nature but not, in strictness, material. The exception is overruled.

The same witness was asked upon cross-examination "You [as an agent of the Town of Upton] have discussed the liability [of the town of Upton] with the officers of the town of Rumford?" Again the question is in character preliminary and it is not thought that plaintiff has shown itself aggrieved by its exclusion.

The same witness was asked "Refreshing your recollection, whether or not you knew as a matter of fact, that the Town of Upton has paid the town of Rumford for pauper supplies to the wife of Robert Campbell?" The plaintiff excepts to its exclusion. The question was limited to the possession of knowledge by witness. While preliminary undoubtedly to another question, we think it admissible and the exception is sustained.

Again upon cross-examination there were addressed to the same witness, four other questions which were excluded. The exceptions to these exclusions will be considered in their order.

"Q. Whether or not you have admitted such knowledge on your part to the representatives of the town of Rumford?" This question immediately followed that last quoted.

In the form in which it was propounded, we think the question properly excluded.

"Whether or not you have examined the books of the Treasurer of the Town of Upton and know that they show a payment to the Town of Rumford for supplies furnished this woman?"

As already observed, the town treasurer is a public officer and his records public records. Where a public record is in existence, entries therein may be proved by the production of the record itself, or by a certified copy, or by an examined copy: *Owen* v. *Boyle*, 15 Maine, 147, 152; *State* v. *Gorham*, 65 Maine, 270, 272; *State* v. *Lynde*, 77 Maine, 561; *State* v. *Howard*, 103 Maine, 63; 1 Gr. Ev., Sec. 485. Here attempt was made to prove the contents of the record in neither of the modes authorized: see *Owen* v. *Boyle*, supra: *McGuire* v. *Sayward*, 22 Maine, 230, 233, where certificates of the officer in custody of the records containing a statement of what he says will appear by an inspection of the records, were excluded. The exception must be overruled.

"Q. Whether or not this matter has ever been dealt with in your town meeting?"

The records of the town are the best evidence and no substitute recognized by law was called for.

"Whether or not you have ever seen a check drawn by the Treasurer of the Town of Upton to the Treasurer of the Town of Rumford paying a certain sum of money for pauper supplies furnished the wife of Robert Campbell?" This inquiry was obviously inadmissible. The exceptions to the exclusion of the four questions last considered are overruled.

As the entry must be exceptions sustained, the motion is not discussed.

*Exceptions sustained.*
*New trial granted.*