INHABITANTS OF THE TOWN OF POLAND
*vs.*
INHABITANTS OF THE CITY OF BIDDEFORD

York.    Opinion, December 23, 1952.

*Frank W. Linnell,* attorney for plaintiff.

*Wm. P. Donahue,* attorney for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   This is an action in assumpsit by the town of Poland against the city of Biddeford to recover for pauper supplies and general relief furnished to Blanche Gagnon, wife of Joseph Gagnon, and their five minor children.   The case is before us on exceptions: first, to the refusal of the presiding justice to charge that there could be no recovery for general relief expenses after June 15, 1951 on the ground that the statute below providing therefor was unconstitutional; and second, to the admission of certain evidence relating to the settlement of Joseph Gagnon.

On May 5, 1951 Mrs. Gagnon sought aid for her children and herself from the overseers of the poor of the plaintiff. Her husband was then confined in jail.   A "pauper notice" alleging the place of settlement to be in Biddeford was sent to the defendant under date of May 7th.   In turn the defendant gave to the plaintiff seasonable notice denying settlement.

Mrs. Gagnon also applied to the State for aid to her dependent children, and commencing June 15, 1951 aid was received under the "A. D. C." program.   The plaintiff continued to furnish relief to Mrs. Gagnon until she moved with her children to Lewiston in November 1951, under the statute which reads in part, as follows:

> "Sec.   227-A.   **Recipients and relative with whom the child is living not to be pauperized.**   The receipt of aid to dependent children shall not pauperize the recipient or the relative with whom the child is living and the receipt of general relief

by such recipient or relative with whom the child is living, made necessary by the presence of the child in the family, shall not be considered to be pauper support. General relief expenses incurred by any municipality or by the state in behalf of such recipient or relative with whom the child is living, made necessary by the presence of the child in the family, may be paid from funds made available for the relief of the poor, but shall in no other respect be treated as pauper expense. The town of settlement of the recipient, or the state in non-settled cases, shall reimburse the place of residence for such general relief in the same manner as is provided by sections 24 and 28 of chapter 82. (The Pauper Law)

"During the period of time that a relative with whom the child is living receives general relief under the provisions of this section, such relative shall not acquire or lose a settlement or be in the process of acquiring or losing a settlement."

*R. S. Chap. 22, Sec. 227-A, enacted in P. L., 1949, Chap. 396, Sec. 2.*

In argument the defendant urges that the jury improperly included in its verdict certain items, namely, debts of Mr. and Mrs. Gagnon. Neither by exception nor by motion for new trial are these objections properly before us. We point out that upon a new trial care should be taken to exclude from consideration items not legally recoverable. See *Vinalhaven* v. *Lincolnville,* 78 Me. 422, 6 A. 600.

FIRST EXCEPTION: Since under our view of the second exception the case must be returned for a new trial, we neither examine nor pass upon the constitutional question raised by the first exception. *Payne* v. *Graham,* 118 Me. 251, 107 A. 709, 7 A. L. R. 516; *Morris, et al.* v. *Goss,* 147 Me. 89, 83 A. (2nd) 556; *Bolduc* v. *Pinkham, et al.,* 148 Me. 17, 88 A. (2nd) 817.

SECOND EXCEPTION: The principal issue for the jury was the determination of the settlement of Joseph Gagnon.

Admittedly Mrs. Gagnon and the children had the same settlement as Joseph. The burden was upon the plaintiff to place the settlement in Biddeford, and the jury so found.

The objections center about the testimony of Mrs. Mathurin, clerk of the overseers of the poor of the defendant. Objection was made that the witness was allowed to testify without preliminary proof of compliance with R. S., Chap. 82, Sec. 14, and was permitted to describe her duties and acts which she performed. Under the statute overseers of the poor may authorize a designated person (or persons, in the case of a city of the population of the city of Biddeford) "to perform such of the duties imposed upon them by the provisions of this chapter (relating to paupers, their settlement and support) as they may determine; . . ." The statute provides that before entering upon the performance of their duties the designated person or persons shall be sworn and give a bond. In the instant case the defendant in its bill of exceptions describes Mrs. Mathurin as clerk of the board of overseers, and in her testimony she said she had acted as clerk since 1939.

In our view a party in a case of this nature is not required to prove each step of the qualification of a clerk of overseers of the poor. The risk of a clerk or other person designated under the statute testifying without proper qualification or describing his duties inaccurately or falsely, is not heavy in comparison with the burden otherwise placed upon persons dealing in good faith with such a clerk. In this instance, for example, any limitations of authority as clerk upon the witness could readily have been shown by the defendant. There is no sound ground to exclude the testimony of the clerk for this reason.

The clerk testified in substance as follows: Since 1939 she has been the clerk of the board of overseers. In 1946 pauper support was given by the defendant to the Gagnon

family. No application was made for reimbursement of such aid to any other town. She does not recall whether or not an application for reimbursement was made to the State. The city of Biddeford is reimbursing the State to the extent of 18% of the aid furnished the children of Joseph and Blanche Gagnon under the statute providing for recovery by the State "from the city, town or plantation in which the child so aided has legal settlement. . ."

R. S., Chap. 22, Sec. 234, as amended by P. L., 1949, Chap. 416, and P. L., 1951, Chap. 266, Sec. 23.

The evidence of the aid in 1946 and of the payments to the State under the "Aid to Dependent Children" or "A. D. C." program was properly admitted. The aid and the payments were acts by the city tending to prove settlement in Biddeford at the time. As we have seen, the settlement of father, mother and children was the same, and hence evidence of the settlement of the one would necessarily bear upon settlement of the other. The evidence was entitled to some weight but was not conclusive against the city. Rockland v. Farnsworth, 93 Me. 178, 44 A. 681. It was open to explanation on the part of the defendant, which could have been permitted to show, if it could, that the overseers acted under an entire misapprehension as to the facts. Harpswell v. Phippsburg, 29 Me. 313. See also New Vineyard v. Harpswell, 33 Me. 193; Appleton v. Belfast, 67 Me. 579; Weld v. Farmington, 68 Me. 301; Norridgewock v. Madison, 70 Me. 174; Fairfield v. Oldtown, 73 Me. 573; Bridgton v. St. Albans, 77 Me. 177.

The clerk testified, it is to be noted, from her own knowledge or recollection. The evidence was admissible. We are not at this point concerned with the records of the defendant.

There remains the question of the admissibility of a certain paper or form headed "Municipal Acknowledgment of

Settlement" and testimony based thereon. At its first appearance the form was shown to the clerk for the purpose of refreshing her recollection. She testified that it was a form to determine settlement. The examination proceeded:

"Q. Was that taken from the records of your Department? Information that appears in that form, was it taken from the records of the Overseers of the Poor of the City of Biddeford?

A. You mean the lower part here?

Q. Yes.

A. Yes.

Q. And what does that record show, Mrs. Mathurin, as to settlement of the Gagnon family?

Mr. DONAHUE. I object.

The COURT. Admitted. Exception."

The witness read the form which purported to show that the settlement of the children and of the father was in Biddeford, with details about the birth and marriage of the father and other data, including the fact that aid was given by the defendant in 1946 and in January 1947. On cross-examination it appeared that the form was received from a Mr. Daggett, an employee of the division of Public Assistance of the State Department of Health and Welfare, and was prepared apparently by Mr. Daggett with the assistance of the clerk from the records of an investigation made in part at least by the overseers of the poor of the city of Biddeford in 1946.

Here we have a paper, at first shown to the witness to refresh her recollection, and later introduced not to refresh her recollection but to prove what appears on the records of the overseers of the poor of the defendant. There is no sug-

gestion that the clerk had personal knowledge of many of the details contained in the form.

Records of pauper support must be kept under the statute which reads in part:

> "Overseers of the poor and all other officers having charge of the administration of pauper funds shall keep full and accurate records of the paupers fully supported, the persons relieved and partially supported, and the travelers and vagrants lodged at the expense of their respective towns, together with the amount paid by them for such support and relief. . ."

> *R. S., Chap. 82, Sec. 12, as amended by P. L., 1951, Chap. 10.*

The form is not the record. It was not produced as a copy of the record. It was produced as a statement of what the witness said was contained in the records.

Clearly the form served a purpose at the trial far more important than a memorandum refreshing the recollection of the witness. Both in the reading of the contents and in the admission of the form itself, the contents gained without right the dignity of proven facts. In so far as the records of the city or its officers were admissible, they should have been proven in a proper manner. In *McGuire* v. *Sayward*, 22 Me. 230, the headnote, well justified by the opinion, reads: "What the record itself does declare, is to be made known to the court by a duly authenticated copy of it; and the law does not permit a recording or certifying officer to make his own statement of what he pleases to say appears by the record. A mere certificate, therefore, that a certain fact appears of record, is not evidence of the existence of the fact." In *Rumford* v. *Upton*, 113 Me. 543, 549, 95 A. 226, 229, involving admissibility of evidence of a town treasurer, the court said:

> "As already observed, the town treasurer is a public officer and his records public records. Where a

public record is in existence, entries therein may be proved by the production of the record itself, or by a certified copy, or by an examined copy: *Owen* v. *Boyle,* 15 Maine, 147, 152; *State* v. *Gorham,* 65 Maine, 270, 272; *State* v. *Lynde,* 77 Maine, 561; *State* v. *Howard,* 103 Maine, 63; 1 Gr. Ev., Sec. 485. Here attempt was made to prove the contents of the record in neither of the modes authorized: see *Owen* v. *Boyle,* supra: *McGuire* v. *Sayward,* 22 Maine, 230, 233, where certificates of the officer in custody of the records containing a statement of what he says will appear by an inspection of the records, were excluded. The exception must be overruled."

There can be no serious dispute of the importance of this evidence to a jury charged with finding whether Joseph Gagnon and his family had a legal settlement in Biddeford. The defendant is entitled to have the fact of such settlement, if it is a fact, proved by competent evidence. The exception must be sustained.

The defendant also objects to the introduction of the form "Municipal Acknowledgment of Settlement" on the ground that thereby the plaintiff made an illegal use of confidential records of the State. *R. S., Chap. 22, Sec. 9.* It is sufficient to point out that the data in the form came from the defendant and not from the State. Therefore the case does not present a question of use of confidential records of the State. The defendant gains nothing from this objection.

*Exceptions sustained.*