MARTHA WALSH *vs.* JOSEPH L. MACOMBER.

Bristol.    October 27, 1875.    WELLS & MORTON, JJ., absent.

Land was conveyed by metes and bounds with a reservation to the grantor of a right of way over the granted premises, and a mortgage of the land was given back to the grantor, in which the land was described by the same metes and bounds as in the deed, and as " being the same premises conveyed thereby, this mortgage being part of the same transaction."   The land was sold by the mortgagee for breach of condition under the power of sale in the mortgage and was described in the deed to the purchaser by the same metes and bounds, and as being the same described in the mortgage.   No reservation was made or incumbrance mentioned in the mortgagee's published notice of sale.   *Held,* that the last named deed did not convey the right reserved to the grantor in the original deed.

TORT for breaking and entering the plaintiff's close.

The answer of the defendant admitted the plaintiff's title to the close, but alleged that the same was subject to the right of the defendant to enter the close, and to pass to and from the well thereon for the purpose of obtaining water, and that in the proper exercise of that right he entered the close, and not otherwise.

At the trial in the Superior Court, before *Aldrich,* J., without a jury, the plaintiff put in evidence a deed of the said land, from the defendant to Henry E. Atwell, dated November 19, 1866, conveying the granted premises by metes and bounds, and containing the following clauses : " Together with a right of way over the passage way on the southeasterly side of the above described lot to and from the barn now standing on said premises. And the aforesaid grantor reserves the privilege of passing over said conveyed lot to and from the well to draw water.   And the aforesaid grantee is to build and maintain the fence on the southeasterly line of said lot adjoining my remaining land, so long as I shall own adjoining."

The plaintiff also put in evidence a mortgage with a power of sale from Atwell to the defendant, dated November 19, 1866, in which the premises were described by the same metes and bounds as in the said deed, as " being the same premises which the aforesaid Macomber conveyed to me by his deed of the date hereof, this mortgage being part of the same transaction ; " and a deed of the premises to the plaintiff from the defendant, reciting that the latter sold the same on breach of condition by virtue and in

pursuance of the power of sale contained in the mortgage. This deed contained the same description by metes and bounds as the first named deed and the mortgage, and the following clause : " Being the same described in the above named mortgage of the said Henry E. Atwell to me, the aforesaid Joseph L. Macomber."

The affidavit of sale, signed by the defendant as mortgagee, was as follows : " I, Joseph Macomber, named in the deed hereto annexed, do hereby certify, on oath, that by virtue of the power mentioned and referred to in the said annexed deed, I did enter upon the mortgaged premises referred to in said deed, and did sell the same, and all equity of redemption of the said Henry E. Atwell, at public auction on the premises. Said sale was made on the twenty-ninth day of February, A. D. 1868, to Martha Walsh, for the sum of $1100, she being the highest bidder therefor ; I gave notice of the time and place of said sale by publishing, three weeks successively, previous to said sale, in the Bristol County Republican aforesaid, a notice, of which the following is a true copy : ' Mortgagee's sale. By virtue of a power of sale contained in a mortgage from Henry E. Atwell to Joseph L. Macomber, dated November 19, 1866, the premises described therein will be sold at public auction on Saturday, the 29th day of February next, at three o'clock in the afternoon. Said premises are situated in the city of Taunton, on the southwesterly side of Summer Street, being a lot of land with the buildings thereon, bounded as follows,' " [describing the land by the same metes and bounds as in the mortgage.]

The plaintiff did not contend that the defendant, if he had a right of way over the premises, did anything more than he properly might do in the usual exercise of that right, and admitted that her only title to the land was under the deed to her from the defendant.

The deed from the defendant to Atwell, and the latter's mortgage back, were recorded soon after their date and long before the deed to the plaintiff was given.

No question was made as to the executing of the deeds or regularity of the proceedings. The plaintiff contended and asked the judge to rule, as a matter of construction of these several deeds, that the defendant had conveyed by his deed to the plaintiff any right he had reserved in his original deed to pass over

the premises to draw water; but the judge ruled as a proper construction thereof that he conveyed therein to the plaintiff no greater estate than he conveyed to Atwell in his original deed, and his reserved right to pass over her close and draw water still remained; and found for the defendant. To this ruling the plaintiff alleged exceptions.

*J. Brown*, for the plaintiff. By his mortgage deed, Atwell could lawfully convey no more than the estate he held; but by its terms he conveyed an unincumbered estate. If the defendant foreclosed, the easement would be merged. If he chose to sell in order to realize on his debt, he had the power to offer at public auction an unincumbered estate, which is of greater market value than one burdened with an easement, and the recovery of his whole debt by sale was better secured. He accepted the power to sell at public auction just such an estate as he could sell at private sale after foreclosure of a mortgage deed in which by apt words the easement had or had not been excepted. In executing the power of sale the mortgagee must convey his own title as well as that of the mortgagor. *Torrey* v. *Cook*, 116 Mass. 163.

In the publication of notice of sale, no reservation is made or incumbrance mentioned, even by implication. In his deed to the plaintiff, he conveys an unincumbered estate by metes and bounds. He had power to give the deed in his own name, or by attorney, or both. By fair construction of his grant after the recital of his doings and the statement that by virtue and in pursuance of the power of sale in the mortgage, he conveys his entire title in his own name, fully and effectually. *Brown* v. *Smith*, 116 Mass 108. After having done all this, it is too late for him to say that he did not intend to convey his easement. He cannot be aided by claiming under the reference or recital in the mortgage deed: "being the same premises which the aforesaid Macomber conveyed to me by his deed of the date hereof, this mortgage being a part of the same transaction." That it was a part of the same transaction could be shown as well by parol. The lot of land being described by metes and bounds as well as courses and distances, and in the precise words of Macomber's deed to Atwell, the reference neither adds to nor detracts from the grant, so far as third parties are concerned. It makes certain what was before

certain. It is true, that when there is a deed and a mortgage back executed simultaneously and as part of the transaction, they must, as between the parties to them, be construed together, and in such a manner as to give full effect to both. But that rule is applied only where there is ambiguity or doubt. *Cloyes* v. *Sweetser*, 4 Cush. 403. *Pomeroy* v. *Latting*, 15 Gray, 435. Such a rule or practice has no effect here, where third parties are concerned, even if upon the facts disclosed it would affect the parties as between themselves, which is doubtful; for the reference would not make the mortgage deed include other premises, that were or might have been conveyed by Macomber's deed, not even the right of way mentioned unless it was necessarily appurtenant thereto. The reference has no stronger effect to except the easement from the grant than if Atwell had given a warranty deed to a third party with the same description, and substantially the same reference to Macomber's deed. It is not referred to for a more particular description, nor is it made a part thereof by any apt words. The argument that it was a part of the same transaction has no force, for the parties have plainly expressed in their deeds what they intended without ambiguity, and in such cases what is written is binding on both, and there is no call for extraneous aid to limit or enlarge what is plainly written and set forth in their instruments. If they intended more or less than the instruments show they should have expressed it.

If it is contended that a foreclosure or sale and conveyance by an assignee of the mortgagee would not have the effect to deprive the defendant of his easement, the answer is, that the mortgagee had a power coupled with an interest or title, the whole of which he sold and conveyed without reservation. He could and did divest himself of his easement. Perhaps a sale by an assignee of the mortgage would not affect it. *Merritt* v. *Harris*, 102 Mass. 326.

*E. H. Bennett & W. E. Fuller*, for the defendant, were not called upon.

By THE COURT. The deed to the plaintiff was an execution of the power in the mortgage, and passed all the mortgagee's title under the mortgage, as well as the mortgagor's equity of redemption. *Brown* v. *Smith*, 116 Mass. 108. *Torrey* v. *Cook* 116 Mass. 163. *Hall* v. *Bliss*, 118 Mass. 554. But it did not convey the

independent right which had been reserved to the mortgagee as grantor in the original deed to the mortgagor.

*Exceptions overruled.*