CITY OF ROCKLAND *vs.* LUCY C. FARNSWORTH.

Knox.     Opinion August 21, 1899.

*Tax.   Assessment.   Evidence.   Agent.   R. S., c. 6.*

(1)   Assessors of taxes are not agents of the town, but public officers.   Their acts in omitting to assess a tax against an individual are but expressions of their opinion, and not only do not conclude the town as to the fact of residence, but are not entitled to be considered as evidence upon that question.

(2)   *Held;* that an instruction to the jury to the effect that no weight should be given to such acts of the assessors is correct.

(3)   In an action to recover a tax upon defendant's personal property, which was resisted upon the ground that defendant was not an inhabitant of Rockland, the plaintiff city, on April 1, 1894, the year for which the tax was assessed, it appeared that at the trial the defendant introduced, without objection, the assessor's records from 1885 to 1893 inclusive, from which it appeared that for those years she was not taxed as an inhabitant of Rockland.   *Held;* that this evidence, if objected to, should have been excluded.

ON EXCEPTIONS BY DEFENDANT.

This was an action of debt to recover a tax assessed upon defendant's personal estate as an inhabitant of the city of Rockland, in the year 1894, for the sum of twelve hundred and sixty dollars, with interest from the date of the writ.   The tax assessed upon defendant's real estate in Rockland had been paid prior to the commencement of the action.   The plea was the general issue, with a brief statement denying that she was an inhabitant of Rockland at the time of the assessment of the tax, and setting forth that she was an inhabitant of the town of Camden in the same county, and that she had been such inhabitant since some time in the month of March, 1885, at which time she claimed to have left Rockland and taken up her abode in Camden and then became an inhabitant of that town.

In the record books and lists of the assessors of Rockland for the years from 1885, to and including the year 1893, which were introduced in evidence, it appeared that the real estate of the defendant in Rockland was assessed and taxed to her as a non-resident; and

that during all of said years her name was entered on the list of non-residents and designated therein as a resident of Camden.

The counsel for the defendant, among other requests, asked the presiding judge to instruct the jury as follows:—

7th.    The statute of this State makes it the duty of assessors of towns and cities "to assess upon the polls and estates in their towns all town taxes and their due proportion of any state or county tax," and "to make perfect lists thereof under their hands," and also "to make a record of their assessment and the invoice and valuation from which it is made." [Ch. 6, §§ 97, 98, 99 and 100.]

"Therefore, if you (the jury) find, as matter of fact, that the assessors of Rockland, in making the lists and record of assessments for the year 1885, entered the name of the defendant on the list of non-resident tax payers of Rockland and that yearly from and after that date till after April first, 1893, they continued to so enter her name and assess a tax upon her as such non-resident and not as an inhabitant, the plaintiff city is now estopped from contending that she was an inhabitant of Rockland during that period of time, and the plaintiff must now satisfy you (the jury) that she returned to Rockland at some time after April first, 1893, and before April first, 1894, with an intention of again becoming an inhabitant of Rockland, because a fact admitted by a municipal corporation through its officer, duly and properly acting within the scope of his authority, binds the corporation."

This requested instruction was not given, and in respect to said requested instruction the presiding judge instructed the jury as follows:—

"Well, no tax upon her property can be collected for those years because the assessors did not assess one against her, wherever her domicile may have been; further than that, the action or non-action of the assessors of Rockland has no effect in this case whatever. The city of Rockland is not estopped by the action of a tribunal constituted by law for the purpose of the distribution of the burdens of taxation; the assessors of Rockland are not the agents of Rockland; the city of Rockland is not the principal in

any sense, and is not liable for any action of the assessors. This question is one for your determination; and in its determination you do not need the action or advice of any other tribunal, however constituted. The question for your determination is a simple one, whether or not on this day which I have named, Miss Farnsworth was liable to have her personal property taxed in this city. Whether the assessors did their duty during these years from 1885 to 1893, inclusive or not, I do not care and you should not care. Whether they believed that she resided in Camden, or in Union, or in Thomaston, or Rockland, makes not a whit difference in this case. It is for you to decide whether, under the rules which I have given you, she did live in Rockland, have her domicile in Rockland or not, on the first day of April, 1894."

To this instruction and refusal to instruct the defendant excepted.

The charge of the presiding judge to the jury in full was made part of the case.

The verdict was for the plaintiff.

*Washington R. Prescott*, city solicitor, for plaintiff.

The exceptions do not show how or in what manner the defendant was injured, if she was injured; how or in what manner she was induced to act upon the alleged conduct of the assessors, or how she will be injured if the rule of estoppel be not applied. The exceptions show no error made by the presiding judge. *Pullen* v. *Glidden*, 68 Maine, 567.

If the defendant was in reality an inhabitant of the town of Camden during the years from 1885 to 1893, it would be immaterial to her whether she were taxed in Rockland during those years as a non-resident or not. If she were a non-resident in Rockland during those years and were taxed as a resident, she would not be injured by such action of the assessors, as that action would be simply void. But she was taxed as a non-resident, and the case now before the court does not show that the defendant was injured and does not claim even that the defendant was injured, and does not allege in any manner that the defendant was influenced by the action of the assessors; in fact, it is her claim that they did what

was right, and therefore there should be no application of the rule of estoppel.   See *Piper* v. *Gilmore,* 49 Maine, 149.

The general rule of law is that a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of another.   *Piper* v. *Gilmore,* 49 Maine, 149; *Wood* v. *Pennell,* 51 Maine, 52; *Stanwood* v. *McLellan,* 48 Maine, 275; *Starrett* v. *Rockland F. & M. Ins. Co.,* 65 Maine, 381, in which the court says: "In order to constitute an estoppel by these acts of the officers of the company it must appear that the plaintiff has been thereby induced to change his position.   The conduct of the plaintiff was not changed by these acts.   He predicated no action upon them, made no payments, assumed no liabilities, nor was he in any way prejudiced by or in consequence of these acts.   There is therefore no estoppel."

Town officers possess a two-fold character.   In part they are the officers, agents and servants of the town, and bind the town by their acts, when done within the scope of their duties.   And as to other acts done and performed by them, they are governed by statutes of the State, are independent public officers, the city or town having no control over them in the performance of these duties.   As to this latter class of acts, the town is not bound and they are not the agents or servants of the town.   They are public officers performing public duties which the State has imposed upon them.

Selectmen are clothed with this two-fold character, as are also overseers of the poor and health officers.   The court say in *Mitchell* v. *Rockland,* 52 Maine, 123: "The principle seems fully established that a town is not liable to an individual for its neglect or omission to perform or its negligent performance of these duties, which are imposed upon all towns, without their corporate consent and for public purposes, unless the right of action be conferred by statute."   *Brown* v. *Vinal Haven,* 65 Maine, 404; *Bulger* v. *Eden,* 82 Maine, 357, and cases cited; *Alger* v. *Easton,* 119 Mass. 77, and cases; *Maximillian* v. *Mayor,* 62 N. Y. 163.

*D. N. Mortland and M. A. Johnson,* for defendant.

A fact admitted by officers of a municipal corporation, duly and properly acting within the scope of their authority, is binding upon the corporation.   1 Dillon, Mun. Corp. 238.

The assessors are the agents and servants of the city.   *Westbrook* v. *Bowdoinham,* 7 Maine, 365; *Harpswell* v. *Phipsburg,* 29 Maine, 315, in which the court use the following language: "What is done by the officers of a town, within the scope of their authority, must necessarily affect the town in the same manner as if done by the town itself."   The uniform line of authorities holds that the acts and admissions of selectmen, overseers of the poor and assessors are all admissible in evidence.   The question is res adjudicata in this state.   *Weld* v. *Farmington,* 68 Maine, 306; *Fairfield* v. *Old Town,* 73 Maine, 576.   See also *Thornton* v. *Campton,* 18 N. H. 20; *Leach* v. *Tilton,* 40 N. H. 473.   The instruction given did not permit the jury as in *Weld* v. *Farmington,* supra, to weigh the evidence introduced and showing defendant resided in Camden for the nine years previous to 1894.   The jury were in substance told to disregard this important evidence.   The instruction given was an expression of opinion as to its weight and value in evidence.

SITTING:  PETERS, C. J., EMERY, HASKELL, STROUT, SAVAGE, JJ.   FOGLER, J., did not sit.

STROUT, J.   April 1st, 1894, a tax was assessed to defendant, as an inhabitant of Rockland, upon her real and personal estate. She paid the tax upon real estate, but resisted the tax upon her personal property, on the ground that she was not an inhabitant of Rockland, but was an inhabitant of Camden, and was not taxable for personal property in Rockland.

This action is brought to recover that tax.

The assessors' records from 1885 to 1893, inclusive, were introduced in evidence, apparently without objection, and from them it appeared that during those years defendant's real estate in Rockland, "was assessed and taxed to her as a non-resident, and that

during all of said years her name was entered on the list of non-residents, and designated therein as a resident of Camden." Counsel for defendant claimed that thereby the city of Rockland was "estopped from contending that she was an inhabitant of Rockland during that period of time," and that plaintiff must show "that she returned to Rockland at some time after April 1st, 1893, and before April 1st, 1894, with an intention of again becoming an inhabitant of Rockland," and asked an instruction to that effect, which was refused, to which exception was taken.

It is also claimed that the instruction given the jury withdrew from their consideration this evidence, to which also exception is taken.

Assessors of taxes, though chosen by the city or town, are public officers. Their duties are imposed by law and clearly defined by statute. In the discharge of those duties, they are not subject to the direction or control of the municipality. They must determine the persons and property, and its value, subject to taxation, under the provisions of law. If they omit from any cause to assess a person or property that by law should be assessed, the municipality must bear the loss. To this extent their acts and omissions bind the municipality. The error cannot be corrected by it. The assessor's tenure of office is fixed by law. It cannot be changed by the city government or by the electors. No element of principal and agent exists in their relations to the municipality. It is not liable to an action for their omissions or mistakes, unless made so by statute. No statute imposes a liability upon the municipality for an omission to assess a particular person or property. *Harpswell* v. *Phipsburg*, 29 Maine, 316; *Walsh* v. *Macomber*, 119 Mass. 73; *Rossire* v. *Boston*, 4 Allen, 57; *Emery* v. *Sanford*, 92 Maine, 525.

The acts of the assessors, as shown by their records, were inadmissible upon the question at issue. If objected to, they should have been excluded. They were not admissions of the City of Rockland, nor of its agents, and were not entitled to any weight as evidence for or against either party. Being inadvertently introduced, and being inadmissible, it was the duty of the court to

instruct the jury to disregard them. The assessors' acts reflected their opinion, founded perhaps upon erroneous information, or resulting from inadvertence or neglect of duty.

Upon the question of defendant's residence on April 1st, 1894, it was immaterial what the assessors believed in prior years. Their opinion was not entitled to weight in determining the controverted fact. The city is not only not estopped, but was entitled to have the evidence itself excluded. The refusal to instruct as requested, and the instructions actually given were correct.

There are cases which hold that some acts of overseers of the poor may be considered as having probative force upon the question of a pauper settlement. Among them are *Fairfield* v. *Old Town*, 73 Maine, 576; *Weld* v. *Farmington*, 68 Maine, 306; *Thornton* v. *Campton*, 18 N. H. 20.

But overseers of the poor stand in a different relation to the town from assessors of taxes. While not general agents, within certain limits, they are agents of the town, and bind it by their acts. They have care of the paupers, and may "cause them to be relieved and employed at the expense of the town," and may bind the town by contract to these ends, unless the town has otherwise directed. R. S., c. 24, § 11. They may bind as apprentices or servants, "minor children of parents chargeable, or of parents unable in the opinion of the overseers to maintain them, and minors chargeable themselves . . . . to continue until the males are twenty-one and the females eighteen years of age, or are married." Section 21. So they may "set to work, or by deed bind to service upon reasonable terms, for a time not exceeding one year, persons having settlements in their town." Section 27.

So overseers are to relieve destitute persons, and in case of death, bury them, and to this end they may contract debts binding upon the town. Section 35.

In these, and perhaps other cases, they act as agents of the town, and bind it by their contracts within the scope of their authority. Their acts, therefore, within the limits of such authority, being in law the acts of the town, may well be treated as evidence of some

weight, but not conclusive against the town. *New Vineyard* v. *Harpswell*, 33 Maine, 193.

Such considerations do not apply to assessors of taxes.

The defendant was not prejudiced by the instructions. They were in strict accordance with law. But, she did have the benefit, to which she was not entitled, of the evidence of the acts of the assessors presented to the jury. She has no cause of complaint.

*Exceptions overruled.*