Christopher FLOWER, et al.

v.

TOWN OF PHIPPSBURG, et al.

Supreme Judicial Court of Maine.

Argued June 6, 1994.

Decided July 11, 1994.

Ervin Snyder (orally), Snyder & Jumper, Wiscasset, for plaintiffs.

Lawrence C. Walden (orally), Christian T. Chandler, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

Christopher Flower and Jane Stebbins Flower, Frederick and Marcia Marks, and Carol Pope (Landowners) appeal from a judgment entered in the Superior Court (Sagadahoc County, *McKinley, A.R.J.*) declaring that the Town of Phippsburg owns certain property claimed by them. They contend that the court erred in determining that they could not raise equitable estoppel or laches against the Town. We affirm the judgment.

The Landowners own separate properties in Phippsburg. Their deeds list the depths of their respective lots as about "5,220 feet" or "one mile," a description that originated in two deeds from a common predecessor in title in 1964 and 1965. In 1989, however, a boundary survey and report commissioned by the Town fixed the depth of the lots at no more than 2,600 feet. The report stated that the Town had acquired title to the remaining acreage by tax deeds in 1896, 1930, and 1934, respectively.

Although the Town had long been aware that there were tax-acquired properties in the vicinity of the Landowners' lots, it had made no municipal use of the properties. Moreover, until 1989, town tax maps had attributed the land to various private owners. Nonetheless, as a result of the survey the Town claimed title to the land, and began assessing the Landowners for less than half the acreage that had been taxed to them and their predecessors in title since 1965.

In May 1991, the Landowners filed a complaint seeking a declaration that they owned the disputed property, basing their claim on the Town's failure to identify, tax, or otherwise treat the property as municipal land. The court concluded that because the challenged conduct involved the Town's taxing authority, neither equitable estoppel nor laches could be invoked to prevent the Town from claiming the property. This timely appeal followed.

Equitable estoppel may not be invoked against a municipality in the exercise of its responsibilities involving taxation, "the paramount function of government by which it is enabled to exist and function at all." *Maine Sch. Admin. Dist. No. 15 v. Raynolds,* 413 A.2d 523, 533 (Me.1980). The Landowners' claim, resting as it does on the erroneous taxation of their property, clearly implicates the taxing power. *See F.S. Plummer Co. v. Town of Cape Elizabeth,* 612 A.2d 856, 861 (Me.1992) (because equitable estoppel could not be applied to exercise of taxing power, erroneous past taxation of lots as buildable

property did not estop town from denying request for zoning change to make lots buildable); *see also* 10 Eugene McQuillin, *Municipal Corporations* § 28.56, at 229 (3d ed. 1990) ("Generally, the mere levy and collection of taxes on property by the municipality does not estop it from asserting title to such property."). Moreover, any nonfeasance by the assessors is not attributable to the Town because assessors are agents of the State. *Dolloff v. Gardiner*, 148 Me. 176, 185–87, 91 A.2d 320, 324–25 (1952); *see City of Rockland v. Farnsworth*, 93 Me. 178, 183–84, 44 A. 681, 682 (1899) (because assessors were not agents of municipality, erroneous taxation of defendant as nonresident did not estop city from suing defendant to recover personal property taxes at resident rate). Accordingly, the trial court correctly refused to bar the Town from asserting its title.

The same considerations that prevent the application of equitable estoppel to the discharge of taxation responsibilities also prevent the application of laches. *A.H. Benoit & Co. v. Johnson*, 160 Me. 201, 207–08, 202 A.2d 1, 5 (1964). Moreover, permitting the Landowners to invoke laches in these circumstances would eviscerate the common law rule that one cannot assert a claim of title by adverse possession against a municipality. *See Phinney v. Gardner*, 121 Me. 44, 48–49, 115 A. 523, 525 (1921).

The entry is:

Judgment affirmed.

All concurring.