2005 ME 126

Lewis E. SANDMAIER Jr. et al.

v.

TAHOE DEVELOPMENT
GROUP, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 24, 2005.
Decided: Dec. 23, 2005.

James L. Audiffred, Saco, for plaintiff.

Timothy S. Keiter, Portland, for defendant.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, and SILVER, JJ.

CALKINS, J.

[¶ 1] Lewis E. Jr. and Patricia T. Sandmaier appeal from a judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) dismissing their declaratory judgment action for failure to state a claim upon which relief may be granted. The Sandmaiers contend that the court erred in determining that they were precluded from acquiring a prescriptive easement over land that was owned by the City of South Portland during all but ten of the years that the Sandmaiers and their predecessors used the land. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The Sandmaiers presently own Lot 11 and part of Lot 10 in Block 7 on the Plan of South Portland Heights. The City acquired Lots 12 and 13 in Block 7 in 1968, and only recently sold the lots to Tahoe Development Group, Inc. The Sandmaiers' predecessors in title brought this declaratory judgment action against the City, seeking a declaration that they had acquired a fifteen-foot right-of-way on Lots 12 and 13. They alleged that they and their predecessors had used the right-of-way to enter and leave the rear of Lot 11 since 1958.

[¶ 3] The City moved to dismiss the complaint for failure to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6). The court granted the motion on the ground that a prescriptive easement claim cannot be maintained against land owned by a governmental entity. After the dismissal was entered, the original parties sold their respective lots. The Sandmaiers purchased Lot 11 and part of Lot 10 and were substituted for the original plaintiffs. Tahoe Development Group bought Lots 12 and 13 from the City and was substituted for the City.

## II. DISCUSSION

[¶ 4] When reviewing a trial court's dismissal of a complaint pursuant to M.R. Civ. P. 12(b)(6), we take the facts in the complaint as admitted. *Napieralski v. Unity Church of Greater Portland,* 2002 ME 108, ¶ 4, 802 A.2d 391, 392. We affirm a dismissal when those facts, viewed in the light most favorable to the plaintiff, do not entitle the plaintiff to relief. *In re Wage Payment Litig.,* 2000 ME 162, ¶ 3, 759 A.2d 217, 220.

[¶ 5] To establish a prescriptive easement over Lots 12 and 13, the Sandmaiers must prove "(1) continuous use (2) for at least 20 years (3) under a claim of right adverse to the owner, (4) with his knowledge and acquiescence, or (5) a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." *Eaton v. Town of Wells,* 2000 ME 176, ¶ 32, 760 A.2d 232, 244. The statutory requirement for establishment of a prescriptive easement is found in 14 M.R.S.A. § 812 (2003), which states that "[n]o person, class of persons or the public shall acquire a right-of-way or other easement through, in, upon or over the land of another by the adverse use and enjoyment thereof, unless it is continued uninterruptedly for 20 years."

[¶ 6] There are factual allegations in the complaint to support the elements of establishing a prescriptive easement. However, the complaint also acknowledges that the City owned Lots 12 and 13 from 1968 through 2004. Thus, the issue is whether the years the City owned the lots can be used to satisfy the twenty-year prescriptive period required by 14 M.R.S.A. § 812.

[¶ 7] Since the early 19th century, we have reiterated "the common law rule that one cannot assert a claim of title by ad-

verse possession against a municipality." *Flower v. Town of Phippsburg,* 644 A.2d 1031, 1032 (Me.1994); *accord Phinney v. Gardner,* 121 Me. 44, 48–49, 115 A. 523, 525 (1921); *United States v. Burrill,* 107 Me. 382, 385–86, 78 A. 568, 569–70 (1910); *Cary v. Whitney,* 48 Me. 516, 532 (1860); *Kinsell v. Daggett,* 11 Me. 309, 314 (1834). Accordingly, we have held that the period of time during which a governmental entity holds record title may not be included in the prescriptive period. *Loavenbruck v. Rohrbach,* 2002 ME 73, ¶ 10, 795 A.2d 90, 93; *Cary,* 48 Me. at 532.

[¶ 8] Although the Sandmaiers recognize our precedent, they emphasize that their claim is not for adverse possession, and they urge us to treat prescriptive easements differently in this regard. We decline to do so. In the event that there has been any doubt as to whether the period of time that a municipality holds title to property can be included in the prescriptive period, we hold that it cannot, regardless of whether the plaintiffs claim that they have acquired a prescriptive easement or title by adverse possession. *See Loavenbruck,* 2002 ME 73, ¶ 9 n. 4, 795 A.2d at 93. The basic public policy concern that underlies the rule against including the time that the government owns the property for adverse possession claims is the difficulty of monitoring publicly held lands, which are often extensive. RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 2.17 cmt. e (2000). There are even stronger public policy reasons for applying this rule to prescriptive easements. Because the uses that create prescriptive easements are "generally less obvious than the possession that gives rise to an adverse-possession claim, the practical ability

of government officials to detect and interrupt adverse uses is even less than in adverse-possession cases." *Id.*

[¶ 9] The Sandmaiers also request that we allow the time period that a municipality holds property for proprietary or nonpublic uses to be included in the time period for prescriptive easement claims.[1] We decline their request. As we said in *Loavenbruck,* a person cannot obtain title by adverse possession against the government "absent express statutory authorization." 2002 ME 73, ¶ 12, 795 A.2d at 93. Until there is legislative authorization to the contrary, we will adhere to the rule that the time that the municipality holds title shall not be included in the time calculation for adverse possession or prescriptive easement claims, regardless of the use the municipality makes of the land.

The entry is:

Judgment affirmed.

---

1. The Sandmaiers refer us to cases from other jurisdictions: *Goldman v. Quadrato,* 142 Conn. 398, 114 A.2d 687, 690 (1955); *Casini v. Sea Gate Ass'n,* 262 A.D.2d 593, 692 N.Y.S.2d 676, 678 (N.Y.App.Div.1999); *Jarvis v. Gillespie,* 155 Vt. 633, 587 A.2d 981, 987 (1991).