2006 ME 135

**MILL POND CONDOMINIUM ASSOCIATION**

v.

**Richard MANALIO et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Sept. 14, 2006.

Decided: Nov. 28, 2006.

Susan B. Driscoll, Esq., Bergen & Parkinson, LLC, Kennebunk, for plaintiff.

Gregory J. Orso, Esq., Erwin, Ott, Clark, Orso & Campbell, York, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY; and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] Richard and Anne Manalio appeal from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) after a bench trial, declaring the Manalios' rights in a deeded right of way over land owned by Mill Pond Condominium Association, finding the Manalios liable for conversion, and concluding that the Manalios had failed to establish a prescriptive easement over Mill Pond's land or title through adverse possession. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Mill Pond is an association of twenty condominium units set back from U.S. Route 1 in Wells. The condominiums are connected to Route 1 by a strip of land owned by Mill Pond that is approximately forty-two feet wide and 176 feet long. The Manalios also live on Route 1, adjacent to this strip of land, and own a deeded right of way to the strip, described by metes and bounds, "over and along the full length, breadth and width of the ... parcel of land for the purposes of ingress and egress ... over, on and under said right of way and the construction of and maintenance of a roadway over said right of way ...."

[¶ 3] A ruction has developed between the parties based on attempts by both to assert their respective rights in this strip of land. In essence, the parties dispute the nature and extent of the Manalios' historic maintenance and use of the right of way. Much of their conflict concerns a sign that Mill Pond had placed on the southeast corner of the strip. The Manalios removed Mill Pond's sign in retaliation to Mill Pond's suggestion, later determined to be erroneous, that the Manalios had built their new stockade fence on Mill Pond's land.

[¶ 4] The Superior Court, after a bench trial, found that Mill Pond's sign was in a location that "cannot be reasonably used for purposes of ingress and egress" and that "[t]he sign was removed in anger to make a point." Consequently, the court determined that the sign could remain in its current location and that the Manalios had converted the sign when they removed it. The court also ordered that other specific uses of the land by the Manalios cease because they were not for the purpose of ingress and egress, and determined that the Manalios' claim of adverse possession failed.

## II. DISCUSSION

[¶ 5] The Manalios argue that (1) the court improperly interpreted the language of the deed granting the right of way, thereby limiting the Manalios' use of the

right of way and allowing Mill Pond to maintain a sign on the land; (2) the court improperly found that the Manalios caused damage to Mill Pond's sign, and should have found that Mill Pond failed to mitigate the damage; and (3) the court improperly determined that the Manalios' historic use and maintenance of the right of way was insufficient to establish an adverse possession or prescriptive easement.

[¶ 6] We review the construction of a deed de novo as a question of law. *Pettee v. Young,* 2001 ME 156, ¶ 8, 783 A.2d 637, 640. Generally, the holder of an easement may only exercise the rights granted in a reasonable manner, and cannot do more. *Gutcheon v. Becton,* 585 A.2d 818, 822 (Me.1991); *Beckwith v. Rossi,* 157 Me. 532, 536, 175 A.2d 732, 735 (1961). Such rights are those "incidental or necessary to the reasonable and proper enjoyment of the easement," and "an easement in general terms is limited to a use ... as little burdensome to the servient estate as possible for the use contemplated." *Beckwith,* 157 Me. at 536, 175 A.2d at 735 (quotation marks omitted). If the grant of an easement expressly details its specific boundaries, however, the owner of the right of way is entitled to use the entire granted area, and is not limited to what is necessary or convenient. *Rotch v. Livingston,* 91 Me. 461, 472–73, 40 A. 426, 431 (1898). Similarly, where the grant of an easement is clearly for the purpose of allowing free and convenient passage over a lot from every feasible point necessary for enjoyment of the easement, restriction of access to a particular point is impermissible. *See Cleaves v. Braman,* 103 Me. 154, 161, 68 A. 857, 860 (1907).

[¶ 7] Thus, the Manalios correctly argue that where the metes and bounds of an easement are explicitly described in the deed, the easement holder has the right to use the full extent of the described land for purposes consistent with the deeded easement. On this record, however, the court did not err in finding that the space taken up by the fee owner's sign did not, as a matter of fact, interfere with the Manalios' ingress or egress across the easement. *Cf. Rotch,* 91 Me. at 475, 40 A. at 432. Nothing in the trial court's decision suggests that the Manalios may not, or cannot, use the land for the stated purpose of the easement, namely ingress and egress. The court simply found that the Manalios had not established that their current use required the small space used by the sign. On these facts, we will not disturb the trial court's decision.

[¶ 8] Regarding the Manalios' second argument related to the conversion, we will uphold the trial court's factual findings unless they are clearly erroneous. *Stickney v. City of Saco,* 2001 ME 69, ¶ 13, 770 A.2d 592, 600. Based on the evidence before it, the court's finding that the Manalios had converted the sign by removing it from its post holes and electrical fixture on the corner of the strip of land was not clearly erroneous. *See Withers v. Hackett,* 1998 ME 164, ¶ 7, 714 A.2d 798, 800. Similarly, failure to mitigate is an affirmative defense, and the court was not compelled to find that Mill Pond had failed to mitigate its damages. *Tang of the Sea, Inc. v. Bayley's Quality Seafoods, Inc.,* 1998 ME 264, ¶ 12, 721 A.2d 648, 651.

[¶ 9] To address the Manalios' final argument, a party claiming title through adverse possession must show that "his possession and use of the property for a twenty-year period was actual, open, visible, notorious, hostile, under a claim of right, continuous, and exclusive." *Dombkowski v. Ferland,* 2006 ME 24, ¶ 10, 893 A.2d 599, 602. Similar requirements must be met for the creation of a prescriptive easement. *See Sandmaier v. Tahoe*

*Dev. Group, Inc.,* 2005 ME 126, ¶ 5, 887 A.2d 517, 518. The trial court's findings, supported by the record, demonstrate that the Manalios' use and maintenance of the land came within the terms of their deeded right of way. Because the Manalios' use was pursuant to their deeded title, it was not "adverse" to the servient fee owner, and they did not satisfy the elements required for an adverse possession or prescriptive easement. *See Dombkowski,* 2006 ME 24, ¶ 10, 893 A.2d at 602; *Sandmaier,* 2005 ME 126, ¶ 5, 887 A.2d at 518.

The entry is:

Judgment affirmed.