STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: RE-07-41
                                        RAC-CUM- 8|24|2007

BRIAN LABREQUE

                    Plaintiff,
                                        ORDER
        v.


DONALD E OLDEN, SR. AND MABEL O. FLANDERS,
        Defendants.


This matter comes before the Court on plaintiff Brian Labrecque's motion

for judgment on the pleadings pursuant to M.R. Civ. P. 12(c).

## BACKGROUND

The present lawsuit arises out of a dispute between plaintiff Brian

Labrecque ("Mr. Labrecque") with defendants Donald E. Olden ("Mr. Olden")

and Mabel O. Flanders ("Ms. Flanders") over access to a gravel road ("Gravel

Road") allegedly on Mr. Labrecque's property. Mr. Labrecque is the owner in fee

simple of real estate located at 387 Kimball Corner Road, Sebago, Maine

pursuant to a deed recorded in the Cumberland County Registry of Deeds. Mr.

Olden and Ms. Flanders are joint owners in fee simple of real estate located at

Kimball Corner Road, Sebago, Maine pursuant to a deed recorded in the

Cumberland County Registry of Deeds. The property owned by Mr. Olden and

Ms. Flanders abuts Mr. Labrecque's property on the western sideline.

At issue is the Gravel Road that currently provides the sole access for Mr.

Olden and Ms. Flanders to their property. Though their property abuts Kimball

Corner Road, there is no driveway other than the Gravel Road to provide access

1

to their property. Ms. Flanders is in the process of building a driveway on her property.

Mr. Labrecque claims that Mr. Olden and Ms. Flanders have no right to any use of the Gravel Road and that they have flagrantly violated his express wish that they not use it. This dispute has escalated and the police have been called on several occasions to keep the peace.

Mr. Olden and Ms. Flanders claim that they have a prescriptive easement to the Gravel Road because they have used the road openly for over thirty years. They assert, in their answer, however, that access to the Gravel Road was expressly ("handshake agreement" and written note) given by a previous owner. There is no easement recorded in Mr. Labrecque's deed.

In February 2005, Mr. Labrecque made a subdivision plan ("Survey") and filed it with the Cumberland County Registry of Deeds. Mr. Labrecque asserts that Mr. Olden accepted the survey lines reflected in the Survey by a note on the plan. Mr. Olden asserts that Mr. Labrecque misrepresented the content of the Survey and thus denies that he he knowingly accepted the accuracy of the Survey.

## DISCUSSION

### I. Standard of Review

A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029 (Me. 1987). The Court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." *Id.* at 1030.

2

"When [a motion on the pleadings] is made by the plaintiff it challenges the legal sufficiency of the answer. It can be effective only when the sole defense is an affirmative one, because any denials of fact by defendant will be taken as true for purposes of the motion and thus will have to be tried." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 at 254 (2nd Ed. 1970).

## II. Matters Outside the Pleadings

As an initial matter, Labrecque's motion is styled one for judgment on the pleadings, but he makes clear that to the extent he raises issues outside the pleadings he moves in the alternative for summary judgment. This request can be quickly disposed of. It is within the Court's discretion to treat a motion for judgment on the pleadings as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." M.R. Civ. P. 12(c). If this action is taken, the motion is then "disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* Labrecque filed no statement of material facts with his brief as required by M.R. Civ. P. 56(h)(1). As a result, the Court cannot, based on the materials filed with the present motion, treat Labrecque's motion as one for summary judgment. Further, discovery has yet to be conducted by either side. Even if Labrecque had included a statement of material facts, a motion for summary judgment at this juncture would be inappropriate. As a result, Labrecque's motion shall be treated solely as one for judgment on the pleadings and any matters outside the pleadings shall be excluded for purposes of this motion. Should Labrecque wish to file a motion for summary judgment conforming to the requirements of the Maine Rules of Civil Procedure he may do so at an appropriate time.

3

### III. Motion on the Pleading

1. <u>Was Defendant's Answer Legally Sufficient to Survive Plaintiff's</u>
   <u>Motion for Judgment on the Pleadings?</u>

Maine law requires an answer to "state in short and plain terms the party's defenses to each claim asserted and [ ] admit or deny the averments upon which the adverse party relies." M.R. Civ. P. 8(b). "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation." M.R. Civ. P. 8(c) Further, "no technical forms of pleading or motions are required." M.R. Civ. P. 8(e) (1). Although it is not presented in the standard format, Mr. Olden and Ms. Flanders' Answer was responsive to Mr. Labrecque's Complaint and they have denied the allegations in the Complaint.

2. <u>Were There any Denials of Fact That Would Make Plaintiff's</u>
   <u>Motion on the Pleadings Ineffective?</u>

Mr. Labrecque asserts in his Complaint that he is the owner of the property that contains the Gravel Road by reference to the Survey. He further asserts that Mr. Olden accepted the results of this Survey as reflected on a note on the Survey.

Mr. Olden and Ms. Flanders deny in their Answer that they knowingly acknowledged the accuracy of the survey plan. As this is a denial of fact by the defendant and because "any denial of fact by defendant will be taken as true for purposes of the motion and thus will have to be tried," Labrecque's motion on the pleadings is ineffective. Quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.14 at 254 (2d ed. 1970).

4

3.  Was Defendant's Affirmative Defense of the Existence of a
    Prescriptive Easement Legally Sufficient to Survive Plaintiff's
    Motion for Judgment on the Pleadings?

It should be noted that Mr. Olden and Ms. Flanders did present an affirmative defense in their Answer. Had that been their only response to the Complaint it would have been insufficient to survive Mr. Labrecque's motion on the pleadings.

Mr. Olden and Ms. Flanders claim that they have a prescriptive easement by virtue of their continued use of the Gravel Road over a thirty-year period. They also assert that they had both written and oral permission to use the Gravel Road. The two ideas cannot co-exist.

To establish a prescriptive easement, Mr. Olden and Ms. Flanders "must prove (1) continuous use (2) for at least 20 years (3) under a claim of right adverse to the owner, (4) with his knowledge and acquiescence, or (5) a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed." *Sandmaier v. Tahoe Development Group, Inc.*, 2005 ME 126, ¶ 5, 887 A.2d 517, 518. With respect to the third element of a prescriptive easement, "[u]se is adverse 'when a party . . . has received no permission from the owner of the soil, and uses the way as the owner would use it, disregarding his claims entirely, using it as though he owned the property himself. . . .'" *S.D. Warren Co. v. Vernon*, 1997 ME 161, ¶11, 697 A.2d 1280, 1283 (quoting *Blanchard v. Moulton*, 63 Me. 434, 437 (2873).

**The entry is:**

Plaintiff's Motion for Judgment on the Pleadings is DENIED.

DATE: _August 24, 2007_

Roland A. Cole
Justice, Superior Court

DONALD OLDEN SR
428 KIMBALL CORNER ROAD
SEBAGO ME 04029

Maine 04112-0287

ERIKA FRANK ESQ
711 ROOSEVELT TRAIL
WINDHAM ME 04062

rland County
). Box 287
Maine 04112-0287

MABEL FLANDERS
PO BOX 168
SEBAGO ME 04029