STATE OF MAINE                              SUPERIOR COURT
                                            CIVIL ACTION
YORK, ss.                             DOCKET NO. RE-11-222
                                      JON- YOR- 1/16/2013

STEPHEN W. RIFFLE and            )
JANE F. RIFFLE,                  )
                                 )
            Plaintiffs           )
                                 )    **JUDGMENT**
       v.                        )
                                 )
S. DAVID SMITH and               )
E. ANNE HAYES,                   )
                                 )
            Defendants           )

This matter came before the Court for hearing on November 5, 2012. After consideration of all the evidence presented, the Court enters the following decision.

## FACTS

The Plaintiffs and Defendants own adjacent properties located in a section of Biddeford, Maine, known as Hills Beach. Both the Plaintiffs' and Defendants' properties are depicted on Plaintiffs' Exhibit No. 1 and Defendants' Exhibit No. 1, which are surveys that are not in dispute. These surveys show the Riffle property, running along a road that is identified on their survey as Skyline Drive, and on the Defendants' survey as Sky Harbor Drive. On the Riffle survey, it depicts a large building identified as a residence, and another structure identified as garage located in the southeasterly corner of the Riffle property.

The dispute in this matter appears to be the result of the way these adjacent properties were divided, with a portion of the Smith/Hayes property lying between the Riffle's garage and

Skyline Drive as depicted on the Riffle survey. The area in dispute is the most Southwesterly point and triangular corner of the Smith/Hayes property, that can be scaled off of the Riffle survey (1 inch equals 20 feet) as having sides of approximately 18'x20'x15'. It encompasses an area on the Riffle survey, that is marked at its apex by what is identified on the survey as a one-half inch iron pipe found (buried) along the front of the Riffle lot, and the opposite side of the triangle is marked by a dotted line which appears to be a driveway sketched onto the Riffle survey.

It is the Plaintiffs' contention, that they have utilized this triangular parcel of land in dispute, since the 1950's. It was utilized as a parking area, and also to drive over to park in other areas of their property adjacent to their garage.

In support of this claim, the Plaintiffs submitted into evidence several photos, namely Plaintiffs' Exhibits 2 through 23. These photos dating back to the 1950's, show vehicles that were parked either on the triangle in dispute, or in an area that they would have crossed the triangle in dispute, to be on that portion of the Riffle property.

Several of these witnesses testified that often times the front of the parked vehicles were not right up against the side of the barn, and were mostly pulled up enough to be out of the road.

The testimony of the Plaintiffs' witnesses, also established originally dating back to the 1950's, there was a very narrow dirt road that had limited traffic, which was a greater distance from the side of the garage, then the existing paved road.

2

## CONCLUSIONS

The Plaintiffs in this matter brought forward a two count Complaint seeking a declaration by the Court that they had either acquired the triangle in dispute by adverse possession, or have acquired an easement by prescription, both to cross the triangle in dispute, and also to park vehicles upon this area. At the beginning of trial the Plaintiffs indicated that they would only be proceeding on the request for a prescriptive easement.

The elements that are needed to be established in order for the Plaintiff to acquire an easement by prescription are set out in *Androkites v. White*, 2010 ME 133 ¶14, 10 A.3d 677, where the Court stated that a party claiming a prescriptive easement has the burden to prove by a preponderance of the evidence each of the following elements: " (1) Continuous use for at least 20 years; (2) Under a claim of right adverse to the owner; (3) With the owner's knowledge and acquiescence, or with a use so open, notorious, visible, and uninterrupted, the knowledge and acquiescence will be presumed." Citing *Sandmaier*, 2005 ME 126, ¶ 5, 887 A.2d at 518.

The Court in *Androkites* also indicated that the second element, means that the claimant "must be in possession as the owner, intending the claim the land as their own, and may not be in recognition of or subordination to the record title owner", citing *Jordan v. Shea*, 2002 ME 36, ¶23, 791 A.2d 116.

The *Androkites* Court also noted that the property use is "adverse to the owner" only when the claimant has received no permission from the owner, citing *Stickney v. City of Saco*, 2001 ME 69, ¶21, 770 A.2d 592, 602.

3

Based on the evidence as presented, the Court concludes that the Plaintiffs have satisfied their burden of proof in establishing that there has been continuous use for a period of twenty years of this triangle in dispute, both in cars passing over it to access other parts of the Plaintiffs' property as well as parking upon it over the years.

The evidence also establishes that the use of the property was with the use that was so open, notorious, visible and uninterrupted then knowledge and acquiescence will be presumed in this matter.

As far as the second component of the test is concerned, namely under a "claim of right adverse to the owner", the Maine Courts have recognized in a number of cases, when the first and third elements of a private prescriptive easements are established, a presumption arises that the use of the property was under a claim of right adverse to the owners, *Androkites*, ¶17, citing *Lyons v. Baptist School of Christian Training*, 2002 ME 137, ¶18, 804 A.2d 364, 370.

The court concludes that the Plaintiffs and their witnesses have testified credibly about the extent and duration of use of this portion of land in dispute and adopts their testimony as fact.

The use began in the early 1950's and continued unabated in excess of 20 years.

The extent of use was open and obvious and such that acquiesce of real owner can be inferred. The first and third prongs of *Androkites* have been satisfied.

The final issue becomes the application of the second prong of *Androkites* test: Was the property being used under a claim of right adverse to the owners?

The court concludes that since the first and third prongs have been satisfied, there is a presumption that the use was under a claim of right adverse to the owners.

4

The Court concludes Plaintiffs and their predecessors did not seek or obtain permission to use the triangular parcel and used it as if they owned it.

The Court also concludes it is likely the Riffles themselves believed the disputed parcel was owned by them based upon Mrs. Riffle's surprise upon learning the results of the 1997 septic survey. Based upon this surprise, it is also likely that any discussion with Shirley Towle regarding purchasing this property occurred after that septic survey.

However whether the use between 1994 and 1997 would be considered adverse is not determinative.

From the early 1950's until 1994, there is no evidence of permission being sought or obtained. Nor is there any evidence regarding state of mind or belief of ownership by the predecessors to the plaintiffs.

Because the Court concludes the presumption regarding adversity set out in *Androkites* is applicable, the burden on this issue belongs to the Defendants and it has not been shown between the early 1950's to 1994 that this use was done pursuant to permission from the true owner.

Accordingly by 1994, 20 years of continuous use had occurred and the prescriptive easement was created. The Court finds in the favor of the Plaintiffs in their prescriptive easement case. The Plaintiffs and their successors in interest have a right to pass over this triangle in dispute to enter upon their property, and can also have vehicles parked upon this parcel of land.

Dated : ___1/16/13___                    _____

John H. O'Neil, Jr.
Justice, Superior Court

5

ATTORNEY FOR PLAINTIFFS':
ALAN SHEPARD, ESQ.
SHEPARD & READ
93 MAIN STREET
KENNEBUNK, ME 04043

ATTORNEY FOR DEFENDANTS':
DURWARD W. PARKINSON, ESQ.
BERGEN PARKINSON
62 PORTLAND ROAD, SUITE 25
KENNEBUNK, ME 04043